IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROSEMARY DUNLAP**                                                      **PLAINTIFF**

**V.**                          **NO. 4:22-CV-177-DMB-JMV**

**LULA M. TERRY**                         **DEFENDANT**

## OPINION AND ORDER

Arguing the absence of personal jurisdiction and improper venue, Lula M. Terry moves to dismiss Rosemary Dunlap's negligence complaint arising from an automobile accident that occurred in Tennessee. Because Dunlap failed to show this Court has personal jurisdiction over Terry, because venue is improper in this district based on the allegations in the complaint, and because transfer to the proper district is not in the interest of justice, this case will be dismissed without prejudice.

## I
## Procedural History

On November 11, 2022, Rosemary Dunlap filed a complaint in the United States District Court for the Northern District of Mississippi against Lula M. Terry. Doc. #1. The complaint, which asserts diversity jurisdiction, alleges Dunlap is a citizen of Mississippi and Terry is a citizen of Tennessee, and seeks compensatory damages plus "punitive damages in the amount of $75,000.00" "arising out of an automobile collision caused by [Terry's] negligent actions and conduct on November 20, 2021, at 1:20 p.m. in Shelby County, Tennessee." *Id.* at 1, 4.

Terry filed a motion to dismiss "pursuant to Rule 12(b)2 and 12(b)3 of the Federal Rules of Civil Procedure" on December 6, 2022. Doc. #3. Dunlap filed a response. Doc. #9. Terry did not reply.

## II
## Standards

> A party may challenge the Court's exercise of personal jurisdiction by filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(2). On a Rule 12(b)(2) motion, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. … [A] court must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation.

*Bouchillon v. SAME Deutz-Fahr, Grp.*, 268 F. Supp. 3d 890, 896–97 (N.D. Miss. 2017) (cleaned up) (citing various Fifth Circuit cases).

Rule 12(b)(3) allows a party to move to dismiss for improper venue. When reviewing a motion under Rule 12(b)(3), a court must "view all the facts in a light most favorable to the plaintiff" and is "permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009).

## III
## Analysis

In requesting the dismissal of this action, Terry argues that because she is a Tennessee resident and the accident occurred in Tennessee, this Court lacks personal jurisdiction over her and venue is improper in this district. Doc. #4. As to personal jurisdiction, Terry contends that "it is clear that the requirements of [Mississippi's] long arm statute are not met" and, even if they were, "[d]ue process requires that a nonresident defendant have 'certain minimum contacts' with the forum state" and "[t]here is no basis for the state of Mississippi to have jurisdiction over [her] as a Tennessee resident who has not purposefully directed any action at (in) the state of Mississippi." *Id.* at 4. With respect to venue, Terry argues that under 28 U.S.C. § 1391, "this Court is not an appropriate venue for this action." *Id.* at 5. Terry relies on her own declaration to support her

2

motion.¹  Doc. #3-1.

> Dunlap responds:
>
> Rather than conducting "personal jurisdiction" related discovery which the Defendant's conclusory-style affidavit invites and which the court has allowed, the Plaintiff requests that the court forego the time and expense of issuing a ruling on personal jurisdiction and venue and instead, in its discretion, transfer this action to the U.S. District Court for the Western District of Tennessee – a jurisdiction where the Defendant resides and where the accident occurred, matters which the Defendant has admitted. A transfer, rather than dismissal, clearly serves the interest of justice and is permitted by 28 U.S.C. § 1406 (a).

Doc. #10 at 2.  She argues that "transfer of this action to the Western District of Tennessee serves the interests of fairness, justice, and efficiency" because "a dismissal will certainly result in delay and added expense;" Terry "has admitted that she resides in Memphis, Tennessee;" and because "the automobile accident [at issue] occurred in Memphis, Tennessee," "the 'public interest' factors informing the venue analysis … all favor venue in Memphis, Tennessee."  *Id.* at 4.

### A.  Personal Jurisdiction

"A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution."  *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010).  The second prong requires that the defendant have "minimum contacts with the forum state."  *Id.*  "There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and those that give rise to general jurisdiction."  *Id.*

Here, the complaint alleges Terry is a citizen of Tennessee such that there is no basis for general jurisdiction in Mississippi.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564

---

¹ The declaration confirms that Tennessee is where Terry resides and where the accident occurred, and states that Terry does not "own any property in the state of Mississippi" and has not "signed any documents where [she] consented to personal jurisdiction in the state of Mississippi."  Doc. #3-1 at PageID 10.

U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile …."). For specific jurisdiction to exist, there must be "some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* But the complaint does not include any facts indicating that Terry "purposefully availed" herself of anything upon which jurisdiction in Mississippi may be based and Dunlap does not advance any argument as to why this Court has personal jurisdiction over Terry. Consequently, Dunlap fails to meet her burden to demonstrate personal jurisdiction over Terry exists. Dismissal for lack of personal jurisdiction is proper.

### B. Venue

Of relevance here, venue in a civil action is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). While Dunlap's complaint asserts that "venue is proper in the Northern District of Mississippi as the named *plaintiff* resides in Bolivar County, Mississippi,"[2] this ignores the plain language of the statute laying venue in the judicial district where the *defendant* resides. Because Terry, the only defendant in this case, resides in Tennessee and the accident occurred in Tennessee, venue is improper in this district.

### C. Transfer

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Though this statue

---

[2] Doc. #1 at 3 (emphasis added).

specifically references venue, the Fifth Circuit has recognized that § 1406 allows a "transfer … due to the absence of personal jurisdiction" because "a division or district may be 'wrong' under Section 1406(a) when the original court lacks personal jurisdiction." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013).

> Among the relevant considerations for determining whether transfer is in the interest of justice, courts examine the plaintiff's reasons for filing suit in the improper district in the first place and ask whether the plaintiff's belief that venue was proper was in good faith and reasonable. And where a plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper, courts often dismiss rather than transfer under Section 1406(a) on the idea that similar conduct should be discouraged. That's because it is obviously not in the interest of justice to allow § 1406(a) to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district.
>
> That's true even where a statute of limitations might bar re-filing.

*Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) (cleaned up).

Dunlap's transfer request is not properly before the Court. The Local Rules provide that "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L.U. Civ. R. 7(b)(3). But even if Dunlap's transfer request was properly made, the Court concludes transfer is not warranted because Dunlap's attorney "reasonably could have foreseen" that Mississippi is an improper forum based on Terry's residence and where the accident occurred. *Seville*, 53 F.4th at 894.

## IV
## Conclusion

Terry's motion to dismiss [3] is **GRANTED**. This case is **DISMISSED without prejudice**.

**SO ORDERED**, this 14th day of February, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5